IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAMIEN T. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-046 |
| | ) | (Formerly CR 114-063) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

### A. Indictment

On May 7, 2014, a grand jury in the Southern District of Georgia charged Petitioner with dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) (Count 1); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e) (Counts 2-4); and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 5-8). United States v. Robinson, CR 114-063, doc. no. 1 (S.D. Ga. May 7, 2014) ("CR 114-063"). The Court appointed

attorney Alex M. Brown to represent him.  (Id., doc. no. 17.)

### B. Change of Plea

On August 23, 2014, Petitioner pled guilty to one count of distribution of methamphetamine.  (Id., doc. no 24.)  During the change of plea hearing, Judge Hall established Petitioner's competence to enter a guilty plea if he so desired.  (Id., doc. no. 39 ("Rule 11 Tr."), p. 19.)

First, Judge Hall reviewed the charges in the indictment and explained the rights Petitioner would be waiving by pleading guilty.  (Id. at 5-10.)  Petitioner affirmed he clearly understood those rights.  (Id.)  Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to be present and cross-examine witnesses, and the right to remain silent.  (Id. at 7-9.)  Petitioner also affirmed that no one had forced or pressured him to plead guilty, or made him any promises to induce him to plead guilty.  (Id. at 3, 11.)  Nor had anyone promised, predicted, or prophesied Petitioner would receive a specific sentence.  (Id. at 14.)  Judge Hall explained Petitioner was facing a statutory maximum of twenty years in prison.  (Id. at 12.)  When asked, Petitioner confirmed he understood.  (Id.)

Judge Hall heard a factual basis for Petitioner's guilty plea from Special Agent Ron Rhodes of the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives.  (Id. at 15-17.)  SA Rhodes testified that on October 2, 2012, an undercover agent made contact with Petitioner to arrange the purchase of methamphetamine.  (Id. at 15.)  That same day, Petitioner sold the undercover agent 18.6 grams of methamphetamine and a pistol.  (Id.)  The undercover agent met with Petitioner three additional times, and Petitioner sold the agent 21.5 grams of methamphetamine on October 19, 2012, 17.3 grams of methamphetamine and

two handguns on November 14, 2012, and 18.0 grams of methamphetamine, a handgun, and a rifle on December 13, 2012. (Id. at 16.) Petitioner affirmed that SA Rhodes' testimony was factually correct. (Id. at 18.)

Petitioner's plea agreement included a broad collateral attack waiver provision that stated in relevant part: "Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion." (Id., doc. no. 25, p. 5.) By signing the plea agreement, Petitioner attested he had read the plea agreement and understood all of its provisions. (Id. at 9.)

In reviewing the rights Petitioner would be waiving by signing the plea agreement, Judge Hall reviewed the collateral attack waiver and summarized it as follows:

> Mr. Robinson, you are agreeing to give up or waive your right to appeal your conviction and sentence, whether directly or in a post-conviction proceeding, on any ground. However, I do want you to understand that despite this waiver you would have the right to appeal your sentence if your sentence should exceed the statutory maximum penalty for this offense or if your sentence should exceed the applicable advisory guidelines that are determined to apply to your case or should the government appeal your sentence.

(Rule 11 Tr. 10.) When asked about the appeal and collateral attack waiver, Petitioner indicated that he understood it. (Id. at 11.) Judge Hall aptly summarized the proceedings as follows:

> [T]he Court finds that Mr. Robinson, the defendant, is competent. He fully understands the charge against him. There is an independent factual basis for his plea of guilty containing each of the essential elements of the offense. He knows the statutory punishment that could be imposed on the charge and he knows his jury rights which he has knowingly and voluntarily waived. I further find that Mr. Robinson's decision to plead guilty this morning was voluntary, knowing, and not the result of any force, pressure, threats, or promises other than the promises made by the Government in the plea agreement.

(Id. at 19.)

3

### C. Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 31, Criminal History Category at VI, and an advisory Sentencing Guidelines term of imprisonment between 188-235 months. (PSI ¶ 54.) However, at the time of sentencing, the November 1, 2014 Guidelines Manual amendments applied, decreasing Petitioner's offense level to 29, and the advisory term of imprisonment between 155-188 months. At sentencing, Petitioner did not object to the applicable advisory guidelines in the PSI, and as a result, Judge Hall adopted the factual statements and guidelines recommendation. (CR 114-063, doc. no. 40, pp. 2-4.) On December 4, 2014, Judge Hall imposed a sentence of 168 months imprisonment and five years of supervised release. (Id. at 11-12.) Judgment was entered the next day. (Id., doc. no. 32.)

### D. Subsequent Proceedings

Petitioner did not file an appeal but timely filed this § 2255 motion, raising three grounds for relief:

   I. Petitioner was sentenced beyond the recommended guidelines and dismissed counts were used to enhance Petitioner's sentence without his knowledge.

  II. The Government breached the plea agreement by using the dismissed counts to enhance Petitioner's sentence, entitling him to rescission of the agreement.

 III. Petitioner's counsel rendered ineffective assistance by failing to appeal, even though Petitioner explicitly instructed his counsel to file an appeal at the sentencing hearing.

4

(Doc. no. 1, pp. 4-7.) Respondent contends the petition should be dismissed because (1) all of Petitioner's grounds are barred by the collateral attack waiver and (2) Petitioner has procedurally defaulted his claims failing to bring them on direct appeal. (Doc. no. 3, pp. 7-11.) On January 13, 2016, Petitioner withdrew his Ground Three ineffective assistance of counsel claim. (Doc. no. 12.)

## II. DISCUSSION

### A. There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

### B. Petitioner's Claims Are Barred Because He Knowingly and Voluntarily Agreed to the Collateral Attack Waiver.

Remaining Grounds One and Two in the § 2255 motion are precluded by the waiver provision in the plea agreement, in which Petitioner waived his right to collaterally attack his

5

conviction and sentence. It is well settled that a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary. United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004) (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then an appeal and collateral attack waiver is enforceable. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

The plea agreement signed and verified by Petitioner set forth that, as a condition of his guilty plea, he was waiving any right to collaterally attack his sentence and conviction or the knowing and voluntary nature of his guilty plea, except in three narrow circumstances that clearly do not apply here. (See CR 114-063, doc. no. 25, p. 5 ("Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.").) These narrow circumstances included if: "[1] the Court enters a sentence above the statutory maximum, [2] the Court enters a sentence above the advisory Sentencing Guidelines range found to apply

6

by the Court at sentencing, or [3] the government appeals the sentence." (Id.) The Court sentenced Petitioner to 168 months imprisonment, below the statutory maximum of twenty years, the sentence was within the advisory guideline range of 155-188 months, and the government did not file a direct appeal. Accordingly, Petitioner's arguments that his sentence was "beyond the recommended guidelines in the plea agreement," or that his sentence was "enhanced," do not afford him relief.

Furthermore, Judge Hall reviewed Petitioner's plea agreement during the plea colloquy, specifically including the waiver provision. (Rule 11 Tr. 10.) After Judge Hall concluded his review of the plea agreement, Petitioner acknowledged he understood and agreed to the terms of the plea agreement, including the collateral attack waiver. (Id. at 11.) Therefore, the collateral attack waiver was knowing and voluntary. Weaver, 275 F.3d at 1333. While Petitioner would have the Court ignore his responses to Judge Hall's questions, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

In sum, the collateral attack waiver bars Grounds I and II of the petition and none of the waiver exceptions apply. (See doc. no. 1.)

### C. Even if the Collateral Attack Waiver did not Bar Petitioner's Claims, Which it Does, Petitioner's Claims are Procedurally Defaulted.

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be

reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

Failure to raise a claim on direct appeal constitutes a default and to overcome a procedural bar, Petitioner must show both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains. Brown, 720 F.3d at 1333 (citation omitted). "Cause" requires a showing of some external impediment preventing counsel or Petitioner from raising the claim previously. See Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To demonstrate prejudice, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." Frady, 456 U.S. at 170. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Here, it is undisputed that Petitioner did not appeal his sentence and conviction. Petitioner has defaulted his claims in Grounds One and Two and does not attempt to show cause for excusing the default. See Brown, 720 F.3d at 1333. Petitioner also does not assert the actual innocence exception and his admission as to the factual basis of the crime would prevent him from doing so. (Rule 11 Tr. 15-18.) Accordingly, Petitioner cannot show cause

and prejudice or actual innocence to excuse his default, rendering his claims procedurally defaulted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 22nd day of February, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA