IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DAMIEN T. ROBINSON,                *
                                   *
    Petitioner,                    *
                                   *
        v.                         *      CV 115-046
                                   *      (rel. CR 114-063)
UNITED STATES OF AMERICA,          *
                                   *
    Respondent.                    *

**O R D E R**

Before the Court is Petitioner's *pro se* motion for relief from judgment. (Doc. 22.) Upon due consideration and for the reasons set forth herein, the Court **DENIES** Petitioner's motion.

**I. BACKGROUND**

On May 7, 2014, a grand jury in the Southern District of Georgia charged Petitioner with: (i) one count of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) & 924(a)(1)(D); (ii) three counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), & 924(e)); and (iii) four counts of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). (See United States v. Robinson, Case No. 1:14-CR-063 (S.D. Ga. 2014) (the "Criminal Action"), Doc. 1.) On August 13, 2014, Petitioner - while represented by court-appointed attorney

Alex M. Brown – pled guilty to one count of distribution of methamphetamine. (Criminal Action, Doc. 24; see also Criminal Action, Doc. 17 (Order appointing counsel).) Petitioner's plea agreement includes a broad collateral attack waiver provision that states in relevant part: "[Petitioner] entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion." (Criminal Action, Doc. 25, at 5.) At the change of plea hearing held on August 13, 2014, Petitioner stated, *inter alia*, that he understood and agreed to the collateral attack waiver provision included in his plea agreement. (See Criminal Action, Doc. 39, at 10-11.) On December 4, 2014, Petitioner was sentenced to, *inter alia*, 168 months of imprisonment and three years of supervised release; judgment thereon was entered on December 5, 2014. (Criminal Action, Docs. 34, 35; see also Criminal Action, Doc. 40 (sentencing hearing transcript).) Petitioner did not file a direct appeal of this judgment.

On March 26, 2015, the Court received Petitioner's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the aforementioned judgment (the "Petition"). (Doc. 1.) In the Petition, Petitioner raised three grounds for relief, namely that: (i) his due process rights were violated because he was sentenced beyond the recommended guidelines and dismissed counts

2

were used to enhance his sentence; (ii) Respondent breached the plea agreement by using the dismissed counts to enhance his sentence; and (iii) his court-appointed counsel rendered ineffective assistance of counsel by failing to appeal after being directed to do so by Petitioner. (Id.) On January 13, 2016, Petitioner formally withdrew the third ground of the Petition, namely his claim of ineffective assistance of counsel. (Docs. 12, 12-1.)

On February 22, 2016, the United States Magistrate Judge conducted a review of the Petition and entered a report and recommendation ("R&R") wherein he recommended, *inter alia*, that the Petition be denied without an evidentiary hearing because Petitioner's remaining claims were: (i) precluded by the collateral attack waiver provision of his plea agreement; and/or (ii) procedurally defaulted by his failure to file a direct appeal and show cause or otherwise demonstrate a fundamental miscarriage of justice excusing such failure to appeal. (Doc. 18.) The deadline to file objections to the R&R passed without response from Petitioner. (See Docs. 19, 20.) Accordingly, on March 23, 2016, after a careful *de novo* review of the file, the Court entered an Order (the "Adoption Order") wherein it: (i) adopted the R&R; (ii) denied the Petition without an evidentiary hearing; (iii) denied Petitioner a certificate of appealability *sua sponte* on the grounds that Petitioner had failed to make a

3

substantial showing of the denial of a constitutional right; and (iv) held that Petitioner was not entitled to appeal *in forma pauperis* because there were no non-frivolous issues to raise on appeal and therefore any appeal would not be taken in good faith. (Doc. 20.) Further, the Court specifically noted that where a district court denies a certificate of appealability, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." (Id. at 2, n.1 (quoting Rule 11(a) to the Rules Governing Section 2255 Proceedings).) Judgment was entered in favor of Respondent that same day. (Doc. 21.)

On August 30, 2017, Petitioner filed his present motion for relief from judgment. (Doc. 22.) Therein, Petitioner requests – pursuant to subsections (b)(1) and (b)(6) of Rule 60 of the Federal Rules of Civil Procedure – "that the time to seek a [Certificate of Appealability] for the Eleventh Circuit Court of Appeals be tolled and that his request for certificate of appealability be forwarded to that Court for further proceedings." (Id. at 2, 4-5.) Petitioner asserts that he is entitled to such relief due to excusable neglect because he allegedly "did not receive the [Adoption] Order denying his request for a Certificate of Appealability until May 2017 (exact day unknown) . . . . [and] believed that he had filed a Notice

4

of Appeal under 28 U.S.C. § 2255 Rule 11(b)."[1] (Id. at 4 (emphasis omitted).) On September 7, 2017, Respondent filed a response denying that Petitioner was entitled to any of the relief requested in his motion for relief from judgment. (Doc. 23.) On September 26, 2017, Petitioner filed a reply in support of his motion, in which he included the additional request that the Court vacate the Adoption Order so as to allow him to file objections to the Magistrate Judge's R&R. (Doc. 24.)

## II. DISCUSSION

On motion and just terms, a Court may grant relief from a final judgment for a variety of reasons. See FED. R. CIV. P. 60(b); see also Rule 12 to the Rules Governing Section 2255 Proceedings. Under Federal Rule of Civil Procedure 60(b)(1), a court may grant relief from a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect" within one year of the entry of the relevant judgment or order. FED. R. CIV. P. 60(b)(1) & (c)(1). Here, because Petitioner filed his motion for relief from judgment approximately seventeen months after the entry of the Adoption Order and the judgment entered

---

[1] Attached to Petitioner's motion for relief from judgment is an affidavit from Petitioner purporting to attest to: (1) his alleged non-receipt of the Denial Order until May 2017; and (2) his belief that he had filed a correct and timely notice of appeal. (Doc. 62, at 6.) Petitioner, however, failed to sign this purported affidavit. (Id.) Nevertheless, the Court will consider these underlying factual assertions because Petitioner substantially duplicated these factual assertions in the body of his motion and declared the same to be true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746. (Id. at 4-5.)

5

thereon, he is not entitled to relief under Rule 60(b)(1). See FED. R. CIV. P. 60(c)(1).

This does not end the Court's inquiry, however, because Petitioner also contends that he is entitled to relief under Rule 60(b)(6). "The first five provisions of Rule 60(b) provide relief in specific circumstances, including in the event of mistake, fraud, or newly discovered evidence." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014). When these specific circumstances are lacking, however, "Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for "any other reason that justifies relief." Id. To prevail under Rule 60(b)(6), however, a party "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Id. (internal quotations and citations omitted); see also Doe v. Drummond Co., 782 F.3d 576, 612 (11th Cir. 2015) ("To warrant relief under Rule 60(b)(6), not only must Plaintiffs show 'sufficiently extraordinary' circumstances, but also 'that absent such relief, an extreme and unexpected hardship will result.'" (quoting Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294-95 (11th Cir. 2013))); United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993) ("Although the timeliness of a Rule 60(b)(6) motion depends on the facts of each case, relief may not be had where the party seeking reconsideration has

ignored normal legal recourses. . . . Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests.").

Here, Petitioner's present motion fails to demonstrate that the circumstances attendant to the denial of his Petition are sufficiently extraordinary to warrant the relief requested. Indeed, Petitioner does not argue that the Court (or the Magistrate Judge) committed any mistake of fact or law or other error with regards to the Adoption Order (or the underlying R&R) that would require reconsideration or vacatur. (See Docs. 22, 24.) Rather, he simply claims that he should be given an extension of time to seek a certificate of appealability and appeal the denial of his petition based on his allegations of non-receipt of the Adoption Order and/or belief that he had filed a notice of appeal with regard thereto. (Doc. 22, at 4-5.) Alternatively, he asserts that the Court should vacate the Adoption Order and allow him to file objections to the Magistrate Judge's R&R because of the aforementioned post-judgment issues. (Doc. 24, at 3-6.) These allegations hardly constitute extraordinary circumstances, however, and Petitioner has failed to demonstrate that an extreme and unexpected hardship will result absent the requested relief.

Further, Petitioner's statement that he "believed that he filed a Notice of Appeal" is insufficient to create a factual dispute as to whether he timely filed a notice of appeal. Indeed, Petitioner makes no effort to explain why he believes he filed a notice of appeal – let alone identify the overt actions he took that would lead to such a belief – and provides no information from which the Court could determine whether any such filing would have been timely. Further, while Petitioner states that it was his "belief that a request for a [certificate of appealability] had been filed in this matter after the District Court denied to render unto him a [certificate of appealability]" (Doc. 24, at 2), he again makes no effort to explain why he believes a request for a certificate of appealability had been filed – let alone identify the overt actions he took that would lead to such a belief – and similarly provides no information from which the Court could determine whether any such filing would have been timely. Indeed, Petitioner did not in fact file a request for a certificate of appealability; rather the Court denied him a certificate of appealability *sua sponte*, as required under Rule 11(a) to the Rules Governing Section 2255 Proceedings. (Doc. 20, at 1-2.) Accordingly, the Court denies Petitioner's alternative request for relief from the Adoption Order under Rule 60(b)(6) because Petitioner has failed to carry his burden thereunder.

8

Finally, even if the Court were to construe Petitioner's instant motion as a request for extension of time to appeal the Adoption Order, the Court would be without authority to grant such relief. Except as set forth in Federal Rule of Appellate Procedure 4(a), lack of notice of the entry of an order or judgment does not affect the time for a party to file a notice of appeal or otherwise authorize a court to relieve a party from their failure to timely appeal. FED. R. CIV. P. 77(d)(2). Under Federal Rule of Appellate Procedure 4(a), a district court may not extend the time to file an appeal where the motion is filed more than 180 days after the judgment or order that is to be appealed. FED. R. APP. P. 4(a)(6)(B). Because Petitioner's present motion was filed approximately seventeen months after the entry of the Adoption Order, the Court is without authority to reopen the time to file an appeal. Id. Accordingly, Petitioner is not entitled to any of the relief he requests in his present motion.

### III. CONCLUSION

Based on the foregoing and upon due consideration, **IT IS HEREBY ORDERED** that Petitioner's motion for relief from judgment (doc. 22) is **DENIED** and this case shall remain **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia this 3rd day of January, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA