IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 114-063 |
| | * | |
| DAMIEN T. ROBINSON | * | |

O R D E R

Defendant Damien T. Robinson has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Robinson's request for relief.

The compassionate release provision provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note

to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: **"As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, Robinson claims to have a qualifying medical condition based upon the fact that he is obese and obesity is a condition that places a person "at increased risk of severe illness from COVID-19." See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on November 19, 2020). In its response, the Government concedes that Robinson's obesity, in conjunction with the potential adverse effects to him should he contract COVID-19, qualifies as a serious medical condition equating to an "extraordinary and compelling" reason for compassionate release. (See Gov't Resp. in Opp'n, Doc. 68, at 13.) The Court is not so readily convinced because Robinson's medical records show that he is only 29 years old, is otherwise healthy, and receives responsive and appropriate medical

2

care. (See id., Ex. B.) Moreover, Robinson's facility, FCI Edgefield in South Carolina, has demonstrated an effective response to the COVID-19 pandemic.[1] Accordingly, whether Robinson has established that he is uniquely positioned to warrant compassionate release based solely upon his obesity is a very close question. Nevertheless, the Court will accept that he meets the serious medical condition category based upon the Government's concession.

The Court, however, retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Robinson is a career offender and when arrested for the present offense of distribution of methamphetamine, he was charged with five firearms-related crimes that were dismissed pursuant to his plea agreement. Thus, Robinson avoided a potentially much lengthier prison sentence. As it is now, Robinson still has over five years remaining on his

---

[1] The BOP reports that FCI Edgefield currently has one inmate and 21 staff members with active COVID-19; 89 inmates and 10 staff members have recovered from COVID-19 although there has been one reported inmate death. See www.bop.gov/coronavirus (last visited on November 19, 2020).

3

sentence of 168 months. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing. Finally, the Court is not convinced that Robinson does not present a danger to the community as required under U.S.S.G. § 1B1.13.

Upon the foregoing, Defendant Damien T. Robinson's motion for compassionate release (doc. 65) is **DENIED**. Defendant Robinson's request for the appointment of counsel is **DENIED AS MOOT**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 19th day of November, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] There is no constitutional right to counsel in a § 3582(c) proceeding, United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009), and Robinson has not shown that the interests of justice require the appointment of counsel in this case.

4